† Weston, *Administrator, versus* Higgins.

In trover, when the property of plaintiff is once established, possession by defendant will not draw after it that presumptive evidence of ownership, which will excuse him from proving title.

Of presumptions in cases of insanity.

On Exceptions from *Nisi Prius,* Hathaway, J., presiding.

Trover, for a note of hand given by defendant to Philip Putnam, plaintiff's intestate.

Putnam, after a short and severe sickness, died at the house of defendant. During that sickness he was possessed of the note in controversy. He said to one who visited him, " Mrs. Higgins, (defendant's wife,) takes perfect care of me, and shall be well rewarded for it."

Some evidence tended to show that he was unsound in mind a part of the time, and other evidence to the contrary.

When plaintiff called for the note, defendant's wife said she had it, and that Mr. Putnam gave it to her. The defendant said we cannot give the note up. She said he gave it to her a few days before he died. No· one was present at the time.

After Putnam's decease, defendant made out a bill against his estate for care and watching nine days and nights, $36; washing, &c., after his death, $10.

The defendant's counsel requested the Court to instruct the jury, *that* the possession of the note by Mrs. Higgins was *prima facie* or presumptive evidence that she owned it.

This request was denied and this instruction given — that the possession of the note by Mrs. Higgins was evidence proper for their consideration, in connection with the other evidence in the case, and they should give it such weight as they believed it deserved.

Defendant also requested the instruction — *that* the presumption of law was that Putnam was sane, and that he must be presumed sane till proved insane.

This was given with the addition, that it was also a gen-

eral rule that a person proved to be insane, would be presumed to continue so till the contrary appeared.

A verdict was returned for plaintiff, and exceptions taken to the refusals to rule and the instructions given, by defendant.

*A. Sanborn,* in support of the exceptions, maintained, that the addition to his second request was hypothetical, irrelevant, calculated to prejudice the minds of the jury, and improper.

The first request should have been complied with. Possession was presumptive evidence of property. The exceptions to this rule in the case of goods proved to have been stolen did not arise. Mrs. Higgings was involved in no charge of that character. *Brown* v. *Ware,* 25 Maine, 411; *Millay* v. *Butts,* 35 Maine, 139; *Linscott* v. *Trask,* 35 Maine, 150.

*Knowles & Briggs, contra.*

TENNEY, J. — The plaintiff's intestate, died at the house of the defendant, where he had worked for some time, after a sickness of but few days continuance. His disease was one which caused great suffering at times; and evidence was in the case, tending to show that his reasoning powers were so affected as to be impaired; and other evidence was introduced of a contrary tendency.

It was not in controversy, that the note in question was the property of the intestate, and in his possession after the commencement of the sickness of which he died, and was afterwards, and before his death, and subsequent thereto, in the possession of the defendant's wife, it being claimed as having been a present from him. No attempt was made in the defence to show that the intestate had given the note to the defendant or to his wife, otherwise than by her declarations. The deceased, during his sickness, spoke of the kindness of the defendant's family, and stated that they should be rewarded. It however appeared from a bill of the defendant against the estate of the intestate, that he charged

the sum of thirty-six dollars for care and watching with him, nine days and nights.

The Judge was requested by the defendant to instruct the jury that the possession of the note by the defendant's wife was *prima facie* or presumptive evidence, that she owned it. The instruction was not given according to the request, but the jury were instructed that the possession of the note by her was evidence proper for their consideration, in connection with the other evidence in the case, and such weight should be given to it, as the jury thought it deserved.

It is true, that " as men generally own the property they possess, proof of possession is presumptive evidence of *ownership*." 1 Greenl. Ev., § 34; and it is said in Phillips on Evidence, vol. 1, p. 123 — " possession is *prima facie* evidence of property. Possession with an assertion of property, or even possession alone, gives the possessor such a property as will enable him to maintain an action of trover or trespass against a wrongdoer. Thus it has been held, that an agister of cattle may maintain trespass against a person for wrongfully taking them away," — and proof of the mere possession will support an indictment for larceny.

It has never been understood that in an indictment for stealing goods, or an action of trespass for an invasion of the plaintiff's possession of personal chattels, or of trover for their conversion, the possession of the defendants was presumptive evidence of ownership, so that it could prevail against the possession of the prosecutor or the plaintiffs, of a recent date, before the possession was acquired by the latter. But in the extracts made from elementary works cited, the principle is, that such charges may be maintained against the accused having present possession, by the proof of a previous possession of the party, where title is asserted.

If the plaintiff's intestate had recovered after the defendant had obtained possession of the note in question, and this action had been instituted by him, could it be doubted, that upon the proof of the fact, that he had possession of the note only three days before it was found in the hands of the

defendant, that this would be *prima facie* evidence of own-
ership in him, instead of the subsequent possession in the
defendant, being presumptive evidence of his ownership?

In this case, the possession and ownership of the note by
the plaintiff's intestate, was not contested. The action was
against the defendant for a wrongful conversion of the note;
he surely could not be entitled to the instruction that his
possession alone imposed upon the plaintiff the burden of
establishing the negative proposition, that his intestate did
not understandingly give the note to the defendant or his
wife, to be retained as the property of the one to whom it
was delivered.

The instruction to the jury, that a person proved to be in-
sane would be presumed to continue so till the contrary ap-
peared, is supported by authority believed to be uniform, un-
less the want of mental soundness arises from causes which
are temporary only in their influence. *Halley* v. *Webster*,
21 Maine, 461. And this instruction was not the subject of
exceptions because erroneous as an abstract principle, but in
this case it was purely hypothetical, there being no evidence
on which it could be based, as the defendant's counsel in-
sisted.

It appears, however, that this instruction was given in con-
nection with another given on the request of the defendant's
counsel, that the presumption of law was, that the intes-
tate was sane, and that he must be presumed sane till
proved insane, and there was evidence that in connection
with the excessive pain which he suffered, he some times
conducted in a manner which the jury might believe arose
from mental unsoundness.            *Exceptions overruled.*